IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI,
GREENVILLE DIVISION

MARK LABOUVE                         Plaintiff,

v.                                             CASE NO. 4:17cv095-DMB-JMV

METSO MINERALS INDUSTRIES,
INC. a/k/a METSO MINERALS
FROZEN PENSION PLAN and
JOHN DOES 1, 2 and 3,                   Defendants.

## COMPLAINT

COMES NOW, Plaintiff Mark LaBouve (hereinafter referred to as "Plaintiff" or LaBouve"), who brings this Complaint against Defendant Metso Minerals Industries, Inc. a/k/a Metso Minerals Frozen Pension Plan (hereinafter referred to as "Defendant" or "Metso"), and would show unto this Honorable Court the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is currently a citizen of the State of Mississippi and resides at 1413 Rose Circle, Clarksdale, Mississippi 38614, and Plaintiff has resided at said address at all times pertinent herein.

2. Defendant Metso Minerals Industries, Inc. is a Delaware corporation conducting business as a foreign corporation in the state of Mississippi and may be served with process by serving its Plan Sponsor at Metso Minerals Industries, Inc., at the address of 20965 Crossroads Circle, Waukesha, Wisconsin 53186, or by serving the Plan Trustee, at US Bank NA, 777 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

3. John Does 1, 2, and 3 are persons or entities not known to Plaintiff that may be liable or have obligations to Plaintiff under the Plan.

Page 1 of 5

4. Plaintiff was employed at Defendant's location at the address of 1515 DeSoto Avenue, Clarksdale, Mississippi 38614 (the "Employment").

5. Venue is proper in this Court because the subject incident and alleged damages are a result of Plaintiff's Employment at Defendant's Mississippi location and Plaintiff's participation in Defendant's Frozen Pension Plan associated with that Employment (the "Pension Plan"). Pension Plan attached hereto as Exhibit A.

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1331, as the Pension Plan is governed by federal law, and under 28 U.S.C. § 1332, as the amount in controversy is within the Court's jurisdiction and there is complete diversity of citizenship. The amount in controversy exceeds the sum of $75,000.00 (Seventy Five Thousand and 00/100 Dollars), exclusive of interest and costs.

## II. FACTUAL ALLEGATIONS

7. As an employee, Plaintiff participated in Defendant's Pension Plan.

8. The Pension Plan, by its admission, is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See*, 29 U.S.C. § 1001 et. seq.

9. Defendant is the Pension Plan "Plan Administrator".

10. Plaintiff accrued and earned Disability Retirement Benefits (the "Benefits & Retirement Benefits") under the Pension Plan.

11. The Benefits & Retirement Benefits were fully vested and Plaintiff qualified to receive the Benefits. In the alternative, Plaintiff's Retirement Benefits are vested and he is entitled to receive them.

12. Plaintiff was injured on the job and settled his worker's compensation claim with Defendant.

13. On January 29, 2014, Plaintiff and Defendant executed a Global Settlement Agreement and General Release whereby Plaintiff waived his rights to file additional claims arising out of Plaintiff's Employment (the "Waiver"). The Waiver is attached hereto as Exhibit B.

14. Plaintiff requested from Defendant the Benefits due him under the Pension Plan because he was, and remains, disabled as those terms are defined by the Pension Plan. In the alternative, he is entitled to Retirement Benefits.

15. On February 19, 2016, Defendant denied Plaintiff's request citing the Waiver as the reason for denial (the "Denial"). Notably, Defendant did not claim either that Plaintiff was not disabled or did not meet the criteria for disability as defined in the Pension Plan. Furthermore, the denial was not based upon any denial the Benefits were not vested.

16. ERISA § 206(d)(1) precludes waiver of vested benefits.

17. Under ERISA § 206(d)(1), individual releases are not effective as to vested ERISA benefits.

18. Under ERISA § 404, Defendant, as Plan Administrator, owed Plaintiff a fiduciary duty with regard to the Pension Plan and breached the duty by failing to pay benefits pursuant to the Plan and applicable law.

### III. CAUSES OF ACTION

### Count 1

*Breach of Contract/Denial of Benefits*

19. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Plaintiff incorporates by reference paragraphs No. 1 through 17 as if they were fully stated herein.

20. At all times relevant to this action, Defendant owed Plaintiff the Benefits he accrued and earned under the Pension Plan.

21. At no time did Defendant notify Plaintiff that the Waiver included a waiver of his rights to his accrued and earned Benefits.

22. At no time did Plaintiff waive his rights to his accrued and earned Benefits.

23. By denying Plaintiff his accrued and earned Benefits, Defendant is in breach of the Pension Plan.

24. Plaintiff is entitled to his accrued and earned Benefits under the Plan.

## Count II

### *Breach of Fiduciary Duty*

25. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Plaintiff incorporates by reference paragraphs No. 1 through 23 as if they were fully stated herein.

26. As an ERISA Plan Administrator, Defendant owed Plaintiff a fiduciary duty with regard to Plaintiff's Pension Plan.

27. Under ERISA § 404, Defendant was required to act at all times relevant to this action, solely in the interest of Plaintiff and his beneficiaries and with the exclusive purpose of providing benefits to them.

28. At no time did Defendant notify Plaintiff that the Waiver included a waiver of his rights under the Pension Plan.

29. At no time did Defendant notify Plaintiff that Defendant had a conflict of interest as a fiduciary of Plaintiff and as a party to the Waiver.

30. By not advising Plaintiff of Defendant's conflict of interest or of the threat to Plaintiff's Benefits, Defendant breached its fiduciary duty.

31. Plaintiff is entitled to his accrued and earned Benefits under the Plan.

### *Damages*

As a result of the foregoing, and pursuant to ERISA, Plaintiff is entitled to the full amount of his Disability Benefits and/or Retirement Benefits, all attorneys' fees and costs in this matter, and all other damages which one might reasonably expect under the circumstances.

**WHEREFORE**, all premises considered, Plaintiff, Mark LaBouve, sues Defendant Metso Minerals Industries, Inc., and requests the following relief:

1. That proper process issue and be served upon Defendant and that it be required to answer this Complaint within the time required by law;

2. That Plaintiff be awarded his Disability Benefits and/or Retirement Benefits, his attorneys' fees, and other expenses and prejudgment interest;

3. That the Court determine all issues;

4. Plaintiff reserves the right to amend and supplement this Complaint as facts are determined and known through the discovery process; and

5. That Plaintiff be awarded all other relief to which he may show himself justly entitled, including injunctive or declaratory relief.

6. Plaintiff files the documents in his possession related to the Pension Plan and the Denial of his Disability Benefits under separate cover (i.e. the Exhibits identified herein).

Dated: 6-30-17

Respectfully submitted,

RICHARD D. UNDERWOOD, MSB 8533
Farris Bobango Branan PLC
999 S. Shady Grove Road, Ste. 500
Memphis, TN 38120
901.259.7100/901.259.7150 (fax)
runderwood@farris-law.com
*Attorney for Plaintiff*