IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARK LABOUVE,

        Plaintiff,

v.

METSO MINERALS INDUSTRIES,
INC. a/k/a METSO MINERALS
FROZEN PENSION PLAN and
JOHN DOES 1, 2 and 3,

        Defendants.

Case No. 4:17-cv-00095-DMB-JMV

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

        COMES NOW, the Defendant Metso Minerals Industries, Inc. a/k/a Metso Minerals Frozen Pension Plan ("Metso" or the "Defendant"), by and through its undersigned attorneys, and respectfully moves this Court to dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6). In support, Metso would show as follows:

        1.    This matter involves a former employee's claim for disability retirement benefits, which are governed by the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001, et seq. ("ERISA").

        2.    Plaintiff, Mark LaBouve ("Plaintiff") is a former employee of Metso, who previously raised a number of allegations, when he sustained an on-the-job injury while working for Metso.

        3.    The parties (with Plaintiff represented by counsel) resolved those claims in full

in 2014, with Metso paying $195,000.00 to Plaintiff as consideration for Plaintiff executing a Waiver and Release of Claims.

4. Among other things, Plaintiff specifically agreed not to file any claims under ERISA.

5. Despite releasing and agreeing not to file any ERISA claims against Metso, Plaintiff has filed the instant two-count lawsuit, with causes of action for Breach of Contract/Denial of Benefits, and Breach of Fiduciary Duty under ERISA. Specifically, Plaintiff alleges that Metso has wrongfully denied him certain disability retirement benefits in violation of ERISA.

6. Metso is entitled to dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, because the United States Court of Appeals for the Fifth Circuit has recognized that voluntary waivers of ERISA claims are enforceable.

7. All factual allegations that are the basis for Metso's Motion to Dismiss are contained within Plaintiff's Complaint or the exhibits attached thereto.

WHEREFORE, Defendant Metso Minerals Industries, Inc. a/k/a Metso Minerals Frozen Pension Plan respectfully requests that the Court dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant requests such other and further relief to which it is justly entitled.

Dated this 26th day of July, 2017.   Respectfully submitted,

    <u>/s/ David M. Thomas II</u>
David M. Thomas II
MS Bar No. 8120
Balch & Bingham LLP
dthomas@balch.com
188 East Capitol Street
Jackson, Mississippi 39201
601.965-8157 - Telephone
866.736.3855 - Facsimile

Kevin E. Hyde
FL Bar No. 0768235
Foley & Lardner LLP
khyde@foley.com
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
904.359.2000 – Telephone
904.359.8700 - Facsimile
*pro hac vice application to be filed*

Larry S. Perlman
FL Bar No. 91934
Foley & Lardner LLP
2 S. Biscayne Blvd., Suite 1900
Miami, FL 33131-2132
305.482.8400 – Telephone
305.482.8600 - Facsimile
*pro hac vice application to be filed*

ATTORNEYS FOR DEFENDANT METSO
MINERALS INDUSTRIES, INC. a/k/a METSO
MINERALS FROZEN PENSION PLAN

4816-9701-6908.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system, and notice of electronic filing to attorneys for the Plaintiff this 26th day of July, 2017.

Richard D. Underwood
Farris Bobango Branan PLC
999 S. Shady Grove Road, Suite 500
Memphis, TN 38120
Email: runderwood@farris-law.com

                                  /s/ David M. Thomas II
                                  Attorney

4816-9701-6908.1